UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY FORAR AND JANIS FORAR** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:   20-3273** |
| **GREGORY J. AVERY AND CHRISTINA MURPHY** | **SECTION:   "B" (1)** |

## REPORT AND RECOMMENDATION

On December 8, 2020, the undersigned granted the motions of defendants Gregory Avery and Bobbie Christina Murphy, improperly named as Christina Murphy, to proceed in forma pauperis in this action they have removed from Louisiana state court. On December 9, 2020, the District Judge referred this matter to the undersigned for reconsideration of the applications in view of questionable subject matter jurisdiction premised upon an alleged federal-based regulatory defense by non-federal parties to state-based claims of wrongful eviction.

For the reasons detailed below, the undersigned RECOMMENDS that this action be remanded for lack of subject matter jurisdiction.

### Background

This action was initiated on November 16, 2020, by a Rule for Eviction filed in Slidell City Court by plaintiffs Larry Forar and Janis Forar, the landlords over the residential property where the defendants have been residing. The Forars allege that they served defendants with a notice to vacate the property on March 4, 2020, before the eviction moratorium issued by the Center of Disease Control on September 4, 2020. They allege that in addition to failing to make rent

1

payments, the defendants have denied the Forars the right to inspect the property and have allowed a visitor to stay on the property in excess of the 10 days allowed by the parties' lease.

Defendants removed the action to this court on November 27, 2020. In doing so, they invoke regulations related to the CDC's eviction moratorium as a basis for federal jurisdiction. See Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 173 (Sept. 4, 2020).

## Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new). Accordingly, the Court must determine whether this action satisfies the requirements of the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a). On its face, the complaint fails to meet the requirements of the statute.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
>         (B) the action or appeal –
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331.[1] This action is an eviction proceeding based in state law. In their notice of removal, defendants invoke regulations related to the CDC's eviction moratorium as a basis for federal jurisdiction. See Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 173 (Sept. 4, 2020). Importantly, though, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). There is no indication in the text of the CDC's Order that it creates a private right of action or otherwise establishes federal jurisdiction over or a right to remove an eviction dispute related to the application of the Agency Order. Moreover, a regulation or other agency action cannot "conjure up a private cause of action that has not been authorized by Congress." Casas v. Am. Airlines, Inc., 304 F.3d 517, 520 (5th Cir. 2002) (quoting Alexander v. Sandoval, 532 U.S. 275, 291 (2001). A district court in Texas has held that there is no federal question jurisdiction over a plaintiff's claims that her landlords did not comply with the requirements of the CDC Order. Cholick v. Salvador, No. 1:20-CV-164, 2020 WL 6526351, at *3 (S.D. Tex. Oct. 8, 2020), report and recommendation adopted, No. 1:20-CV-00164, 2020 WL 6504446 (S.D. Tex. Nov. 5, 2020). In Cholick, the court concluded that "[t]hose eviction proceedings have taken place against Cholick in state court; to the extent that she is protected by

---

[1] This court has jurisdiction to consider state law claims where the complaint satisfies the requirements of 28 U.S.C. § 1332. However, plaintiffs here have not alleged diversity jurisdiction. Indeed, it appears that both plaintiff and defendants are Louisiana residents.

3

the order, her claims should have been raised in state court." Id. at *2; see Wade v. LBC HoldCo, LLC, No. 220CV10099CASKSX, 2020 WL 7414517, at *2 (C.D. Cal. Nov. 6, 2020) (ordering the plaintiff tenant to show cause why his cause of action should not be dismissed because "to the extent plaintiff's claim for injunctive relief pursuant to the CDC Order is better characterized as a defense to the unlawful detainer action, it cannot serve as the basis for subject matter jurisdiction"). Similarly, this court can find no basis for federal jurisdiction arising out of the CDC Order.

In defendants' response to the Court's show cause order, defendants argue that plaintiffs have acted in bad faith and have violated the CDC Order. They submit that Avery is 70 years old and both defendants have immune illness, but the plaintiffs have persisted in spontaneous visits to the property without wearing any masks or protective gear. They complain that in February 2020, they were asked to pay $1,200 for rent, which they refused to accept. With regard to jurisdiction, they argue that consistency in legal interpretation of the CDC Order should be kept within the purview of the Federal District Courts of the United States.

In defendants' defenses, they submit that this eviction proceeding is prohibited by the CDC moratorium, and they insist that they have complied with all requirements to be protected against eviction.[2] They argue that it should not be left to the lower state courts to interpret and rule upon the application of CDC's Order. They argue that "the news is replete with lower State Court Judges carving out one loop hole after another collectively eating away and [sic] the entire directive and objective of the CDC Moratorium. This cannot stand."

However, state courts are precisely the venue contemplated by the CDC's Order. In "Frequently Asked Questions" issued by the CDC, the CDC provides the following guidance:

> The judicial process will be carried out according to state and local laws and rules.
> . . .

---

[2] They also submit that plaintiffs previously violated a federal order by filing eviction proceedings in July 2020 during the pendency of a federal bankruptcy stay. They say the stay has been lifted.

> As indicated in the Order, courts should take into account the Order's instruction not to evict a covered person from rental properties where the Order applies. The Order is not intended to terminate or suspend the operations of any state or local court. Nor is it intended to prevent landlords from starting eviction proceedings, provided that the actual eviction of a covered person for non-payment of rent does NOT take place during the period of the Order. State and local courts may take judicial notice of the CDC Order, and the associated criminal penalties that may be imposed for non-compliance in making a formal judgment about any pending or future eviction action filed while this Order remains in effect.[3]

Center for Disease Control, <u>HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 Frequently Asked Questions</u>, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf (last visited Feb. 24, 2021). As discussed above, there is no basis for finding that the CDC Order created a private right of action or established federal jurisdiction over state court evictions.

## Conclusion

For the foregoing reasons, the Court lacks subject-matter jurisdiction over this cause of action. Accordingly, IT IS RECOMMENDED that this lawsuit be remanded to Slidell City Court for lack of subject matter jurisdiction.

## **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

---

[3] There is some dispute about whether the order as issued reaches all phases of the eviction process because it defines eviction as "any action by a landlord, owner of a residential property, or other person with a legal right to pursue eviction or a possessory action, to remove or cause the removal of a covered person from a residential property." Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 FR 55292-01; see National Housing Law Project, CDC Eviction Moratorium – Revised Analysis, at 12, https://www.nhlp.org/wp-content/uploads/CDC-Eviction-Analysis-Revised.pdf (last visited Feb. 24, 2021). This passage is cited only to highlight that state and municipal courts are the anticipated venues to determine the applicability of the CDC's Order in individual situations.

5

accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 18th day of May, 2021.

                                               Janis van Meerveld
                                         United States Magistrate Judge